IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PRESTON POTTER                                                                                            PLAINTIFF

v.                              Civil Case No. 3:08CV00004-JMM-HLJ

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                   DEFENDANT

**<u>ORDER</u>**

On February 23, 2009, the court entered an Order and Judgment reversing the decision of the Commissioner and remanding the case for further proceedings. Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. He seeks compensation for forty (40) hours of work performed by his attorney at a rate of $172.85 per hour and for expenses in the amount of $105.35. The Commissioner does not object to the hourly rate or the amount of expenses requested, but he objects to reimbursement of any attorney's fees for work performed prior to the preparation of the complaint.

Unless otherwise specifically provided by statute, under the EAJA, an eligible party seeking an award for attorney's fees and other expenses, incurred in either a civil action or an action for judicial review of an adversarial agency adjudication brought by or against the United States in any court having jurisdiction of that action, is entitled to fees and expenses in addition to any costs awarded. *See* 28 U.S.C. § 2412. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*,

807 F.2d 127, 128 (8th Cir. 1986). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

Plaintiff's counsel seeks reimbursement for a total of forty (40) hours performed between June 2, 2005, and March 16, 2009. Of these forty hours, a total of 24.5 hours account for time spent at the administrative level, and the Complaint was not filed in this court until January 11, 2008. (DE # 2) Time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). The court does note, however, that some of the time submitted was clearly in preparation for the filing of the Complaint with this court and should be allowed, namely 1.50 hours for work performed from December 19, 2007, through January 10, 2008. Therefore, the court will reduce the amount of time sought by 23 hours, entitling counsel to compensation for 17 total hours.

Based on the above, the court grants Plaintiff compensation for 17 hours of work at $172.85 per hour, for a total of $2938.45. The court also grants Plaintiff's request for expenses in the amount of $105.35.

IT IS THEREFORE ORDERED that Plaintiff is awarded attorney's fees in the amount of $2938.45, together with expenses in the amount of $105.35, for a total of $3043.80, pursuant to EAJA. The Commissioner is directed to certify said award and pay Plaintiff's attorney in this amount.

SO ORDERED this 28th day of August, 2009.

*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE